UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE HILL,

    Petitioner,

v.

E. ARNOLD,

    Respondent.

No. 2:17-cv-0994 CKD P

ORDER TO SHOW CAUSE

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the magistrate judge to conduct all further proceedings in this matter. ECF No. 5.

Examination of the indigency affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

**I.    Factual Summary**

Based on the exhibits attached to the petition, it appears that petitioner is challenging a January 27, 2015 counseling chrono that he received for failing to sign the required paperwork to attend school as a new student, as well as a February 18, 2015 rules violation report (RVR) for his continued refusal to sign the form. The RVR was later reduced to an administrative level offense for which petitioner received counseling and a reprimand. ECF No. 1 at 87. Petitioner received another RVR on July 24, 2015 for failing to comply with a supervisor's instructions

during a class. As a sanction, his privilege group was reduced for 30 days and he was referred to the unit classification committee for program review. ECF No. 1 at 115. In his habeas application, petitioner complains about the 30 day loss of his television and audio cassette player as part of the sanction for the July 2015 RVR. Id. at 130-134.

In his claims for relief, petitioner contends that he suffered reprisal and punishment for exercising his constitutional right to refuse to sign a school contract. ECF No. 1 at 5. Additionally, he alleges that his punishment was unlawful because it was based on an underground CDCR regulation and because it constituted an unlawful "stacking" of offenses. ECF No. 1 at 7-8. In his last claim for relief petitioner asserts that he was denied witnesses during his disciplinary hearing. Id. at 10. By way of relief, petitioner seeks the dismissal of his RVR violations and the expungement of them from his central prison file.

## II. Summary of Federal Habeas Law

This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Generally, a prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits, because credits impact the duration of the prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973) (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself"). However, "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc) (holding that petitioner's constitutional challenge to a prison disciplinary violation can only be challenged in a 42 U.S.C. § 1983 lawsuit and not in a federal habeas corpus action).

## III. Application of the Facts to the Law

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and

any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant habeas action petitioner is challenging disciplinary violations that did not impose any type of credit loss that would impact the sentence he is serving. He only lost prison privileges, such as access to his television and tape player in his cell, for a period of 30 days. Pursuant to Rule 4's screening duty, petitioner is hereby ordered to show cause why the pending habeas application should not be summarily dismissed for lack of jurisdiction because petitioner's claims do not affect the fact or duration of his confinement.

### IV. Plain Language Summary for Pro Se Party

Since you are acting as your own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

Since you are not challenging your original conviction, the court does not understand how your claims are keeping you in custody. In order to continue with this habeas case you need to further explain why the disciplinary infractions have lengthened your sentence or how expunging them will lead to your speedier release. All you need to do is briefly explain how your disciplinary infractions have made, or will make, it harder to get out of prison. Your response to this order does not prevent you from raising your claims in a different type of federal lawsuit that is called a federal civil rights action pursuant to 42 U.S.C. § 1983.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted;

2. Petitioner is ordered to show cause why this petition should not be summarily dismissed for the reasons stated herein within 45 days from the date of this order; and,

3. Petitioner is warned that the failure to respond to this order may result in the summary dismissal of this petition without further notice to petitioner.

Dated: July 12, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hill0994.osc.docx