UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HILL, | No. 2:17-cv-0994 CKD P |
| Petitioner, | |
| v. | ORDER |
| E. ARNOLD, | |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a January 27, 2015 counseling chrono for failing to sign paperwork to attend school, a February 18, 2015 rules violation report (RVR) for his continued refusal to sign the form, and a July 24, 2015 RVR for failing to comply with a supervisor's instructions during a class. On May 22, 2017, petitioner filed his consent to have the undersigned magistrate judge conduct all further proceedings in this case. See 28 U.S.C. § 636(c); ECF No. 5. For the reasons discussed herein, petitioner's federal habeas corpus application will be dismissed for lack of jurisdiction.

**I.  Factual Summary**

Petitioner is serving a sentence of life imprisonment with the possibility of parole for the attempted murder of his wife. See ECF No. 7 at 5. His minimum eligible parole date was April 29, 1999. ECF No. 7 at 30 (Board of Parole Hearings ("BPH") Transcript of October 1, 2014).

1

Since that time, petitioner has been found to pose an unreasonable risk of danger to society and therefore found not suitable for parole. See ECF No. 7 at 31; see also In re Lawrence, 44 Cal.4th 1181, 1210-11 (2008).

In his federal habeas application, petitioner challenges three separate prison disciplinary actions. ECF No. 1 at 87, 115, 130-34. However, none of the disciplinary actions resulted in the loss of any good time credit. The most severe sanction that was imposed was the reduction in petitioner's privilege group that resulted in the 30 day loss of his television and audio cassette player. ECF No. 1 at 130-134. By way of relief, petitioner seeks the dismissal of his RVR violations and the expungement of them from his central prison file.

**II.     Response to Order to Show Cause**

On August 24, 2017 petitioner filed a response to this court's order requiring him to show cause why the instant petition should not be summarily dismissed for lack of jurisdiction because his claims for relief do not affect the fact or duration of his confinement. At the outset of his response, petitioner concedes that "success on the merits of petitioner's claim may not necessarily lead to immediate or a release period!" ECF No. 7 at 2. Petitioner then argues that a single RVR may constitute grounds for a future parole denial or a lengthier period between subsequent parole hearings. ECF No. 7 at 4-6.

In support of these contentions, petitioner attached a portion of his most recent parole hearing from October 1, 2014. ECF No. 7 at 11-47. Petitioner received a five year parole denial at this hearing based on a number of factors including the gruesome, atrocious and brutal manner in which the attempted murder was committed, petitioner's previous record of violence, "a tremendous number of 115s over the years…. [including] four since the last hearing, no vocational achievements or educational improvements, and petitioner's minimal participation in self-help. ECF No. 7 at 32-36. All of these factors when combined supported the Board's decision to deny petitioner parole.

**III.    Analysis**

In Nettles v. Grounds, 830 F.3d 922, 933-34 (9th Cir. 2016) (en banc), the Ninth Circuit Court of Appeals rejected its prior approach that extended habeas jurisdiction to claims involving

prison disciplinary convictions only if petitioner's success on the claim would likely lead to an earlier release from custody or could potentially affect the duration of confinement. Instead, it adopted the rule from Skinner v. Switzer, 562 U.S. 521, 533–34 (2011), that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983…." Nettles, 830 F.3d at 934 (internal citations omitted). Further applying Skinner, the Nettles court held that the district court lacked jurisdiction over the RVR challenge of a California inmate serving an indeterminate life sentence who had passed his MEPD and not yet been found suitable for parole because it did not fall within the core of habeas corpus relief. Nettles, 830 F.3d at 935. The Ninth Circuit emphasized that neither expungement of the disciplinary finding nor restoration of lost good-time credits would "necessarily" accelerate petitioner's release based on the range of relevant factors the BPH must consider as well as its broad discretion in scheduling and advancing subsequent parole hearings. Nettles, 830 F.3d at 935 (citing Cal. Code Regs. tit. 15 § 2282(b), Cal. Penal Code § 3041.5(d)(1)). Thus, the petitioner's claim in Nettles was not cognizable in federal habeas. Id.

Whether petitioner will be paroled at his next scheduled parole hearing in 2019 turns on numerous factors and not just his disciplinary record while in prison. See also Cal. Code Regs. tit. 15, § 2281. The Board of Parole Hearings analyzes numerous factors in determining whether a potential parolee poses a threat to public safety and the Board's discretion in parole matters is "great" and "almost unlimited." In re Lawrence, 44 Cal.4th 1181, 1210–11 (2008).

Here, it is plain from the face of petitioner's habeas application as well as his response to the court's order to show cause that success on the merits of his claims would not affect the fact or duration of his confinement. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (stating that the writ of habeas corpus may be used to challenge the fact or duration of an inmate's confinement). Just like the petitioner in Nettles, petitioner has served his MEPD and has not yet been found suitable for parole based on a number of factors in the record. The BPH could deny petitioner parole again even if he succeeded in expunging the three challenged disciplinary infractions at issue in this habeas petition. In fact, a review of the 2014 parole hearing transcript suggests that the Board believed that petitioner posed an unreasonable threat to public safety due

in large part to his lack of insight into his personality disorder which has affected his "criminal history, social history, [and] the life offense…." ECF No. 7 at 41. Nor would relief on petitioner's habeas claims lead the BPH to advance his parole hearing. See Cal. Penal Code § 3041.5(d)(1). He would still have a total of 24 CDC 115's and 26 counseling chronos on his prison disciplinary record which the BPH could consider. For all of these reasons, petitioner's claims for relief would not necessarily lead to his speedier release and therefore fall outside the core concerns of habeas corpus relief. Petitioner's claims are only cognizable, if at all, in a 42 U.S.C. § 1983 action. See Nettles, 830 F.3d at 935.

### IV. 28 U.S.C. § 2254 versus 42 U.S.C. § 1983

This court has the discretion to construe petitioner's claims as a civil rights complaint pursuant to 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). However, as a practical matter, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") complicate a court's decision to recharacterize a habeas petition as a civil rights complaint. Due to the PLRA's filing fee requirements, its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he or she clearly expresses a desire to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Nettles v. Grounds, 830 F.3d at 936 (holding that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). Thus, in this circumstance, the court will not recharacterize petitioner's habeas application as a federal civil rights action because it is not amenable to doing so and the petitioner has not consented. Instead, the habeas corpus petition will be dismissed without prejudice.

### V. Certificate of Appealability

There is no right of appeal from a district court's final order in a habeas corpus proceeding

without first obtaining a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here the petitioner can meet neither showing required for a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is summarily dismissed without prejudice for lack of jurisdiction;
2. The court declines to issue a certificate of appealability; and
3. The Clerk of Court is directed to enter judgment and close this case.

Dated: October 2, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hill0994.finalorder.doc(x)